[ PHILADELPHIA, JANUARY 4TH, 1840. ]

## SMITH and Another *against* PLUMMER.

### IN ERROR.

A., living in Ohio, came to Philadelphia, and being desirous of buying a quantity of shoes, went to the store of the plaintiff, who was a shoe dealer, and examined his stock, and then employed the defendants, also residing in Philadelphia, to purchase a certain quantity for him. The defendants did so, gave the plaintiff their note for the amount, and sent the goods to A., and drew a bill on him for the amount, which was accepted by A. Afterwards, and before the maturity of the note, A. being again in Philadelphia, the plaintiff requested him not to pay the bill; told him that the shoes were his property, and not the property of the defendants, and desired A. to account with him, the plaintiff. When the bill fell due, A. refused to pay it to the defendants. *Held,* that these facts constituted an equitable defence for the defendants against the suit of the plaintiff.

ERROR to the District Court for the City and County of Philadelphia, to remove the record of an action on the case brought by Everett H. Plummer against Milton Smith and Edward Brown, trading under the firm of Smith & Brown.

The plaintiff declared in assumpsit on a promissory note drawn by the defendants in his favour, for three hundred and twenty-two dollars and fifty cents; with the common money counts. The defendants pleaded non-assumpsit and payment, &c.

On the trial before STROUD, J., on the 23d of November, 1835, the plaintiff proved the note, and also gave in evidence his book of original entries, in which the defendants were charged with shoes purchased by them to the same amount as that in the note. It was admitted that the note was given for the price of the shoes.

The defendants then proved that they had purchased these shoes for a certain W. W. Blake, of Ohio; had forwarded them, and drawn a bill on Blake, dated the 16th of December, 1833, at six months, for the amount; that Blake accepted the bill; but that before its maturity, being in Philadelphia, the plaintiff informed him that the shoes were his property, and had never been the property of Smith & Brown; requested him to allow the bill to be protested, and to hold himself accountable for the shoes to him, (Plummer) and

not to Smith & Brown; that Blake did permit the bill to be protested; did not pay it; and that it remained unpaid.

This proof was made by the deposition of Blake taken under a commission—who therein stated that he did consider himself as debtor to Plummer, and not to Smith & Brown.

Upon the above proof the defendant rested his case; and the learned judge charged the jury as follows:

" This action is brought upon a promissory note; the execution of which by the defendant is not denied. The defence set up grows out of the transaction or notice stated in the deposition of W. W. Blake, in relation to the bill of exchange drawn upon him by the defendant. It appears from the testimony, that he, a person in business in Ohio, was acquainted with the plaintiff, a dealer in shoes residing in this city ; but was better, and had been longer acquainted with the defendants, leather dealers of this city, with whom also he had had transactions of business. Having looked at the plaintiff's stock of shoes, he wished to obtain a certain quantity of them, and employed the defendants to purchase and forward to him the quantity designated. The defendants did so, and drew upon Mr. Blake the bill of exchange of 16th December, 1833, at six months, referred to in his deposition. The shoes thus forwarded and drawn for, were those for which the note was given on which this suit is founded. This bill was accepted by W. W. Blake. Before its maturity, or time of payment, Mr. Blake being again in Philadelphia, Mr. Plummer requested him not to pay that bill, told him the shoes for which it was drawn were not ever the property of Smith & Brown, and were and had been his, Mr. Plummer's, property; and desired Blake to account with him, Plummer, for the price of the shoes. When the bill of exchange fell due, Blake suffered it to be protested ; and it remains unpaid. These facts are detailed more at large in the deposition of Blake. This cause, then, turns on one question of fact. If, at the time when Smith & Brown procured the shoes from Plummer, he, Plummer, did not know that they were obtaining them for another person, the defence set up is good, and must exonerate the defendants ; because it is well settled, that a person who supposes that he is parting with his property to one man, and afterwards discovers that man to be a mere agent for another, may follow his property into the hands of that other, and hold him as his debtor ; and in such a case, a notice to the party not to pay the agent would be available—and would also release that person or agent from his liability to the vendee. But on the other hand, if at the time the shoes were delivered to Smith & Brown, Plummer knew they were really intended for W. W. Blake, then, by taking Smith & Brown's note, he elected to make them his debtors. This election he could not afterwards alter; and therefore his notice to Blake not to pay

(Smith v. Plummer.)

Smith & Brown, could not be legally given or be available. Smith & Brown would still remain his debtors, and Blake be liable to Smith & Brown. If, therefore, you shall think that Plummer was ignorant of the defendant's agency when he delivered them the shoes, and discovered it afterwards, your verdict should be for the defendants. If you think he knew of that agency at the time the shoes were delivered, and that they were purchased for Blake, and he deliberately elected to make Smith & Brown his debtors, and not Blake, your verdict should be for the plaintiff."

The jury found for the plaintiff.

The defendants' counsel excepted to the charge; and the case was removed to this Court.

The plaintiff in error filed the following specifications.

" That part of the charge of the judge which commences with the expression, ' This cause then turns on one question of fact'—and from thence on to the conclusion.

And more especially, that portion of it which follows, and the principles which it asserts.

' But on the other hand; if, at the time the shoes were delivered to Smith & Brown, Plummer knew they were really intended for W. W. Blake, then, by taking Smith & Brown's note, he elected to make them his debtors. This election he could not afterwards alter; and therefore, his notice to Blake not to pay Smith & Brown, could not be legally given, or be available. Smith & Brown would still remain his debtors, and Blake be liable to Smith & Brown.

' If, therefore, you think Plummer was ignorant of the defendant's agency when he delivered them the shoes, and discovered it afterwards, your verdict should be for the defendants.

' If you think he knew of that agency at the time the shoes were delivered, and that they were purchased for Blake, and he deliberately elected to make Smith & Brown his debtors, and not Blake, your verdict should be for the plaintiff.'

It is also deemed error, that it should have been put to the jury as a question of fact, whether Plummer had, or had not such knowledge; without the further instruction, that in the absence of all evidence, (none having been given on the point) the presumption of law was, that he had no other knowledge than such as was to be derived from the face of the transaction; which was one on its face with Smith & Brown, and not with Blake."

Mr. *Scott*, for the plaintiff in error, cited *Campbell* v. *Knox*, (3 *Penn. Rep.* 1.)

Mr. *Hanna* and Mr. *Clarkson*, for the defendant in error, cited

(Smith *v.* Plummer.)

*Patterson v. Gandesequi*, (15 *East*, 62;) and the note to 2 *Smith's Selection of Leading Cases*, p. 222.

The opinion of the Court was delivered by

Gibson, C. J.—If the plaintiff below, apprised that the shoes were ordered by the defendants for Blake, delivered them on their credit, he would be concluded by his election; and, without more, he could not turn round to any one else. But might he not subsequently release the defendants by accepting Blake as their substitute; as he might have done had he not known him to be the actual purchaser. It is conceded, as it must be, that ignorance of Blake's connexion with the purchase, would have authorised a pursuit of him as the actual debtor, and a consequent abandonment of the credit given to the defendants; and there is no reason why the same result might not be effected with the assent of Blake, who is the only person that could object to a change of the original credit in any circumstances. At the plaintiff's instance and request, he promised to pay the debt, in consideration that the plaintiff would accept him as the debtor; and this consideration would undoubtedly sustain an action on the promise. If, then, Blake became liable, the defendants were released; for that was an implied condition of Blake's promise, which, as it did not benefit him, and would not else have prejudiced the plaintiff, would have been without consideration. What, then, is there to prevent the defendants from taking advantage of the condition? Nothing but an alleged want of privity. But their assent might perhaps be presumed on the principle of *Smith v. The Bank of Washington*, (5 *Serg. & Rawle*, 318.) There is another principle, however, which entitles them to the benefit of it. It was a part of the agreement—and one which has been executed—that Blake should suffer the plaintiff's bill drawn for funds to meet this very debt, to be protested; and would it be competent to the plaintiff afterwards to disaffirm the contract for the residue, even with Blake's consent? His agreement to accept Blake as the debtor, was in discharge of the defendant's liability; and, though made to another, yet if a consideration for it moved from them, it may entitle them to the benefit of it on the principle of *Dutton v. Poole*, (1 *Vent.* 318,) expanded by this Court in *Hassinger v. Solms*, (5 *Serg. & Rawle*, 8;) and it cannot be doubted that the injury sustained by the protest of their bill, was a consideration. In *Hassinger v. Solms*, a promise to indemnify the guarantor of a note who had renewed his guaranty contrary to the defendant's direction, was held to bind him, on the ground of *ratihabitio*, though made to a third person; because the defendant had benefited by a payment of a part in case of his original liability—a measure which had been exacted as a condition of the renewal. Now to constitute a consideration, gain by the promissor, and loss by the promissee, are equally efficacious; and it is indisputable, not only that the defendants have lost by the

(Smith *v.* Plummer.)

dishonour of their bill, but they stand in as much privity to the promissor, as the plaintiff did in *Hassinger* v. *Solms.* That the sacrifice of a party's resources for payment, is an injury which the law regards, was determined in *Harper* v. *Kean*, (11 *Serg. & Rawle*, 280,) in which a sacrifice of leather put into the creditor's hand to raise funds, was allowed to be made matter of defence; and what is there to differ that case from this? Nothing but that the defendant's bill was not put under the plaintiff's control. But he assumed a control over it, and, it would seem, with their acquiescence; for though it was drawn six years ago, there was no evidence that they had taken any step to recover the amount of it from Blake, and they have released him by their defence here. In *Sanderson* v. *Lamberton*, (6 *Binney*, 129,) where a carrier had, without the merchant's privity, delivered the goods to a second carrier, who had in like manner delivered them to a third, it was held that the merchant had made himself a party to the last contract of bailment by suing on it, and that he had thereby released the liability of the preceding carriers. According to that case, the defendants in this had a right to become party to the subsequent arrangement; and they released Blake when they took defence on the basis of it. The plaintiff alone could not disaffirm it; and Blake swears that he still holds himself liable to the plaintiff under it. To allow the plaintiff to recover, therefore, would be a fraud on him as a third person; which is another ground to resist the enforcement of a contract. But neither could the plaintiff and Blake together get rid of it; having dishonoured the defendants' bill. Such an interference, were there no remedy for it at law, would be a ground to enjoin the plaintiff in equity; but equitable relief is always accessible to a defendant in an action of assumpsit; and every principle of honour and justice calls on the plaintiff to execute the residue of the agreement.

Judgment reversed; and a *venire de novo* awarded.