# O'Neill *versus* Whigham.

Where a creditor holds stock, as collateral security for the payment of a promissory note, he is not bound at the maturity of the note and its non-payment to sell the stock, without notice from the debtor directing him to do so.

October 12th 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ.

Error to the Court of Common Pleas, No. 1, of *Allegheny county:* Of October and November Term 1878, No. 48.

Assumpsit by William Whigham, trustee of the Commercial Banking Company, against James O'Neill, on two promissory notes.

In his affidavit of defence the defendant admitted the making and delivery of the notes, but averred that at the time of making the same he had transferred to the plaintiff, as collateral security, certain stock of the Pittsburgh and McKeesport Car Company, of the par value of $5000; that the transfer was duly made on the certificate of stock; that the plaintiff held this stock at the maturity of the notes, which were then worth $1400 more than the value of the notes; that plaintiff held the stock until more than a year after the maturity of the notes, until the stock had become worthless by reason of the destruction of the works of the car company; that this conduct was negligence on the part of plaintiff, who should have sold the stock and applied the proceeds to the payment of the notes and not having done so, he could not recover the value of the notes from defendant.

[O'Neill v. Whigham.]

The court entered judgment for want of a sufficient affidavit of defence, which was the error assigned.

*Hampton & Dalzell*, for plaintiff in error.—Where negotiable paper, not matured, is given as collateral security, the holder is bound to use all necessary diligence to collect and apply it in discharge of the debt for which it is pledged: Insurance Co. v. Smith, 1 Jones 120; Muirhead v. Kirkpatrick, 9 Harris 237; Girard Fire Insurance Co. v. Marr, 10 Wright 507; Bank of United States v. Peabody, 8 Harris 454; Sellers et al. v. Jones, 10 Id. 423; Brown v. Ward, 3 Duer 663. This should be the rule as to stock.

*D. T. Watson*, for defendant in error.—It is not alleged that O'Neill ever requested the bank to sell the stock, or ever offered to sell it for them; or that the bank, in any shape, manner or form, contributed to the accident which caused a depreciation in the value of the stock. It is not alleged that O'Neill, if he had himself held the stock, would have sold it at such a ruinous discount, nor would any man of ordinary prudence or care do so. The beneficial interest was in the defendant, subject to a mortgage or pledge to the plaintiffs, and remained at the risk of the defendant.

The judgment of the Supreme Court was entered October 21st 1878,

PER CURIAM.—The negligence of the plaintiff in this case was simply delay, prompted by no notice, or any fact to indicate to him a necessity to sell the collateral, not only for his own benefit but for that of his debtor; and the cause of loss was an accident unforeseen, and not likely to be foreseen. The stock itself was at its par value for the $5000, while its market value was but about $1400. Had the plaintiff sold the stock without notice to or from the defendant, it might have raised a serious question as to the plaintiff's liability for the sacrifice. It was in the power of the defendant to have caused a sale by the plaintiff at any time, or else to hold the stock at his own risk.                    Judgment affirmed.