# Klee *v.* Trauerman, Appellant.

*Contract—Payment in particular manner—Collateral.*

An action was brought upon a written agreement, into which the defendants had entered, reciting that they had assigned to plaintiffs a mortgage and certain policies of life insurance, having cash surrender values, to secure plaintiffs for a loan of $11,500 theretofore made by them to defendants. Plaintiffs agreed to reassign the securities if the loan was paid within one year. Defendants agreed that if the loan was not paid within one year, the plaintiffs might realize from the insurance company the surrender value of the policies, and might sell the mortgage; the proceeds so realized to be applied to the payment of the debt of the defendants with interest and costs. Defendants further agreed that in case the sum realized from the policies of insurance and the sale of the mortgage was not sufficient to pay in full the indebtedness, they would pay to the plaintiffs "the amount of such deficiency as may appear after a full settlement with the insurance company, and sale of the mortgage." The plaintiffs claimed to recover the whole amount without having made any attempt to realize upon the collateral. *Held*, that the suit was different from that on a promissory note with collateral, and could not be maintained.

Argued Nov. 3, 1904.   Appeal, No. 202, Oct. T., 1904, by defendant, from order of C. P. No. 1, Allegheny Co., March T., 1904, No. 978, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Simon J. Klee and Leon S. Klee, copartners, trading as Joseph Klee's Sons, v. B. S. Trauerman and I. G. Trauerman, copartners, trading as B. S. Trauerman & Brother.   Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ.   Reversed.

Assumpsit upon a written agreement.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Supreme Court states the case.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*A. Leo. Weil*, with him *M. R. Trauerman*, *A. C. Teplitz* and *Chas. M. Thorp*, for appellants.—The case is exactly analogous to that of parties giving a mortgage to secure a debt, without any bond or agreement. The mortgagee must then look to the security alone : Scott v. Fields, 7 Watts, 360 ; Baum v. Tonkin, 110 Pa. 569 ; Reap v. Battle, 155 Pa. 265 ; Schweyer v. Walbert, 190 Pa. 334, 338 ; Culver v. Sisson, 3 N. Y. 264 ; Weed v. Covill, 14 Barb. 242 ; Fidelity Insurance & Trust Co. v. Miller, 89 Pa. 26.

*Thomas M. Benner*, with him *Richard B. Scandrett* and *James E. Barnett*, for appellees.—The contract is an ordinary contract of pledge and collateral security : Lewis v. Bank of Penn Twp., 3 Whart. 531 ; McKean v. Wagenblast, 2 Grant, 462 ; Lishy v. O'Brien, 4 Watts, 141 ; Warner v. Wenrich, 34 Legal Int. 297 ; First Nat. Bank v. Rush, 56 U. S. App. 556 (85 Fed. Repr. 539) ; Stearns v. Marsh, 4 Denio, 227 ; Hancock v. Franklin Ins. Co., 114 Mass. 155 ; Stirling Co. v. Chamberlain Coal Co., 2 Lackawanna Legal News, 134.

OPINION BY MR. JUSTICE POTTER, December 31, 1904 :

Judgment was entered in this case for want of a sufficient affidavit of defense. The action was brought upon a written agreement, into which the defendants had entered, reciting that they had assigned to plaintiffs a mortgage and certain policies of life insurance, having cash surrender values, to secure plaintiffs for a loan of $11,500, theretofore made by them to defendants. Plaintiffs agreed to reassign the securities if the loan was paid within one year. Defendants agreed that if the loan was not paid within one year the plaintiffs might realize from the insurance company the surrender value of the policies, and might sell the mortgage, the proceeds so realized to be applied to the payment of the debt of the defendants, with interest and costs. Defendants further agreed that in case the sum realized from the policies of insurance and the sale of the mortgage was not sufficient to pay in full the indebtedness, they would pay to the plaintiffs " the amount of

such deficiency as may appear after a full settlement with the insurance company and sale of the mortgage."

Nowhere in the contract is there any agreement to pay the debt, except in the manner above specified. In this the agreement differs from an ordinary collateral note, in which there is an express covenant to pay a certain amount of money, and in addition an assignment of collateral and a power of sale is given by the contract. In such cases the creditor may undoubtedly pursue his remedy against the debtor by bringing suit upon the independent promise to pay the money, and may if he choose, hold the collaterals in reserve. But the present case is not such a one. Here the action is strictly upon the agreement, and it, by its terms, requires the creditors to realize upon the collaterals, and provides for nothing more than the making good of the deficiency, if any such there be, after a full settlement with the insurance company and the sale of the mortgage. Having entered into a special contract, which provided for the application of the collaterals in payment of the indebtedness, with an agreement to make good only the deficiency, these special provisions must be considered as controlling. They represent the intentions of the parties, undoubtedly. Nor is there anything unreasonable in the stipulation that out of the collaterals turned over as security the creditors should realize as much as possible, and should then look to the debtors only for the remainder, which would be, comparatively speaking, a small sum.

The court below apparently accepted the view urged by counsel for the appellee, that this was the ordinary contract of pledge and collateral security. The fact seems to have been overlooked that the parties to this transaction made a special contract which provided a special mode of procedure, and called for the disposal of the collaterals before proceeding against the debtors.

The citation of such cases as Hartranft's Estate, 153 Pa. 530 and O'Neill v. Whigham, 87 Pa. 394, by counsel for the appellees, makes it apparent that they lost sight of the distinction between the form of the agreement made in this case, and that of an ordinary promissory note, with which collaterals have been deposited.

Those cases were upon promissory notes, containing a direct

and independent promise, by the debtor to pay, and the collateral agreement was in addition to and independent of it. But here, as we said in the outset, the action is strictly upon the agreement, and under its terms the collateral must be converted and applied upon the indebtedness, before the defendants can be pursued, and then they are liable only for the deficiency.

The assignments of error are sustained and the judgment is reversed.