# City Bank of York, Appellant, *v.* Rieker.

*Collateral security—Duty of holder—Supine negligence—Overdue indebtedness—Debtor's request to convert to other security—Refusal.*

1. A holder of collateral security must exercise due care thereover, and will be held liable if loss results from his supine negligence.

2. But if the collateral security consists of an indebtedness which was overdue when he received it, he is not required, at the request of his debtor, to convert it into some other kind of security; especially if it would be expensive so to do.

3. Under such circumstances the debtor's only right is to pay the debt and receive back the collateral.

Argued June 5, 1918.   Appeal, No. 98, Jan. T., 1918, by plaintiff, from judgment of C. P. York Co., Oct. T., 1917, No. 24, on verdict for defendant in case of City Bank of York, Pennsylvania, v. Amos E. Rieker.   Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and SIMPSON, JJ.   Reversed.

Assumpsit on a promissory note.   Before WANNER, P. J.

The facts appear by the opinion of the Supreme Court.

Verdict for defendant and judgment thereon.   Plaintiff appealed.

*Error assigned,* among others, was in refusing plaintiff's motion for judgment non obstante veredicto.

*Henry C. Niles,* with him *Donald H. Yost,* for appellant.

*James G. Glessner,* with him *Samuel B. Meisenhelder,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, July 17, 1918:

Plaintiff sued upon two promissory notes for $5,000 and $4,500 respectively, given by the defendant to it.   As collateral thereto plaintiff held certain stocks, and in addition two mortgages aggregating $17,000 secured upon a property in the Borough and County of Queens, New York.   The mortgages were about four years overdue when assigned, and the property covered thereby was subject to two other mortgages upon which $20,750 was due, exclusive of interest, and to sewer and tax assessments aggregating nearly as much more; all of which were liens prior to the two collateral mortgages. Pending the trial the stocks were sold at a price satisfactory to defendant, leaving an admitted balance due plaintiff of $6,763.91, with interest from February 6,

1918. The counterclaim as to this balance was that the defendant had given plaintiff's cashier notice to foreclose said collateral mortgages and had been told it was all right, but that no foreclosure had taken place; that at that time the real estate was of a value greater than all the claims against it, including the two collateral mort-gages, but that, owing to the declaration of war with Germany, it had depreciated in value more than the balance of plaintiff's claim, and defendant therefore asked that the verdict should be in his favor with a certificate against the plaintiff in the sum of $6,500. There was evidence that the bonds accompanying the mortgages had become valueless by the discharge of the obligor in bankruptcy, but no request was made that plaintiff should sell the mortgages themselves, no tender of money to cover the expenses of foreclosure and the prior liens on the property, and no allegation that the collateral mortgages had been discharged as liens upon the property by proceedings upon the prior encumbrances or otherwise. Plaintiff denied both the fact and legal effect of the above allegations of defendant, and requested binding instructions in its favor, which were refused, and the case was submitted to the jury, a verdict being rendered for the defendant without any certificate in his favor. A motion for judgment non obstante veredicto was made and dismissed, judgment entered on the verdict, and this appeal taken. The single point we have to decide is: On the evidence submitted at the trial, ought binding instructions to have been given for plaintiff?

Some very interesting questions are suggested by this record, questions regarding which this court has not always been wholly in accord with the courts of our sister states, or even with itself; but as the issue here may be determined without reference to those questions, we prefer not to answer them until it is necessary so to do, after careful arguments thereof due to such necessity.

We have held, and in so doing have gone as far as any court of which we have knowledge, that, in the absence

of an agreement upon the subject, if a creditor accepts as collateral security an assignment of a judgment note or mortgage of a third party, he should enter it of record within a reasonable time, if thereby it will become a lien upon real estate, and under like circumstances should revive it from time to time, if necessary; that if a promissory note not yet matured is thus accepted he should protest it so as to hold solvent endorsers, if any; that if an unmatured claim is so assigned he should attempt its collection within a reasonable time after maturity; and that if he is supinely negligent in any of those matters whereby loss is suffered, he and not his debtor must bear that loss. The reason for thus holding is that, having accepted dominion over the thing assigned, whereby the debtor is prevented from protecting his property by such action as may be needed, the creditor should not be supinely negligent concerning the thing which it is his duty to reassign to the debtor when he pays his debt. But those requirements must not be stretched beyond their reason and spirit; and hence where, as here, the thing assigned has a lien which cannot be disturbed and needs no reviving, and is overdue when it was assigned, the creditor is not bound, with or without notice, and it is not negligence for him, to refuse to convert into some other kind of security that which both parties agreed he should hold as collateral; especially if considerable expense may be required to convert it and to hold the new security, and he may become personally liable for accruing taxes on the property if he obtains title thereto. It is not to be overlooked that there is neither an express nor implied agreement that plaintiff should accept any other kind of security than that for which it bargained. Nor is there any agreement, express or implied, that it should accept the opinion or the fears of defendant regarding the security bargained for, or as an alternative abandon the collateral to the defendant; and this is especially true where, as here, the foreclosure would

have been in the face of a falling market, due to a cause which time will cure.   It is within the experience of the writer that, in the panic caused by cornering the stock of the Northern Pacific Railroad Company, such a rule as was applied by the court below would have caused great loss to money lenders, and would have bankrupted some of the oldest and most conservative mercantile establishments in the land, without benefiting either party to the contract of lending.

Be it so that plaintiff herein was bound to act in good faith and without supine negligence, it is none the less true that a refusal to act according to defendant's judgment or fears is not negligence of any kind.   If bound to act whenever defendant required it, its bargain for a particular security might, without its consent, be broken as soon as made; its judgment would go for naught, and it might lose some or all of its claim, but could never receive more than its debt.   Such a contention is too one-sided to receive judicial sanction unless unavoidable.   To allow one of the parties to the contract to thus change it without the consent of the other, either express or implied, would come perilously near violating the obligation of the contract, if it did not overstep the constitutional line of inhibition.

If, upon the facts appearing in this record, the defendant desired the collateral mortgages to be foreclosed, it was his right to pay his indebtedness and take an assignment of the mortgages; or to make some other satisfactory arrangement with plaintiff whereby his desires could be accomplished.   He had no other right.

The conclusion thus reached obviates the necessity for considering the other questions raised.

The judgment is reversed and is here entered for the plaintiff for $6,763.91 with interest from February 6, 1918, this judgment to be entered also on the records of the court below and all future proceedings thereon had in said court.