## Commercial Finance Co., Appellant, *v.* DeMartelly et al.

*Corporations—Contract—Officers—Liability of officers—Consideration.*

1. Where a contract provides that those who sign it as officers of a corporation, which is one of the parties to it, shall be held liable thereon, they will be held liable though they sign only as officers.

2. Under such circumstances it is a matter of no moment that no consideration moved to the officers themselves; for a consideration is valid which moves either to the promisor or from the promisee, though in the latter event the promisor obtains no personal benefit therefrom.

Argued January 17, 1921. Appeal, No. 193, Jan. T., 1920, by plaintiff, from order of C. P. No. 1, Phila. Co., June T., 1920, No. 3097, discharging rule for judgment for want of a sufficient affidavit of defense, in case of Commercial Finance Co. v. L. G. G. DeMartelly and Alexander N. Mogab. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Assumpsit on a contract of writing. Before SHOEMAKER, J.

The opinion of the Supreme Court states the facts.

The court discharged rule for judgment for want of sufficient affidavit of defense. Plaintiff appealed.

*Error assigned* was above order, quoting record.

*Charles F. DaCosta,* for appellant.

*Horace Michener Schell,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, February 14, 1921:

On March 9, 1918, an agreement was entered into between the Commercial Finance Company, therein called the first party, and "DeMartelly & Co., together with the officers and agents, if any, by whom this agreement is executed," therein called the second party, which provides that plaintiff shall advance to DeMartelly & Co., various sums of money upon assignments of its accounts receivable as collateral security for the advances, in consideration of which "the second party hereby guarantees the payment at maturity of all accounts assigned to first party and agrees to pay same upon demand at any time after maturity," and also "second party shall, upon demand, pay to the first party the amount advanced upon any account, together with interest and all other amounts to which first party may be entitled with respect to such account." The agreement further provides "if the second party should be a corporation [as DeMartelly & Company was], its officers or agents signing this agreement shall be jointly and severally liable hereunder." It is signed by plaintiff and "DeMartelly & Co., L. G. G. DeMartelly, President, Alexander N. Mogab, Treasurer."

In accordance therewith, the Commercial Finance Company, plaintiff herein, advanced certain sums of money to DeMartelly & Co., upon receiving assignments of various accounts as collateral security for the advances. Some of the accounts were not paid at maturity, whereupon plaintiff made demand upon DeMartelly & Co., and also upon DeMartelly and Mogab personally, defendants herein, to comply with their agreement as above set forth, and, this being ignored, entered judgment against defendants in accordance with a provision in the agreement not necessary here to quote. Upon ap-

plication of Mogab, the court below opened the judgment against him; whereupon plaintiff filed a statement setting forth the foregoing facts, and claimed to recover the amounts unpaid. Mogab's affidavit of defense admits that the assigned accounts detailed in the statement are overdue and unpaid, but denies he is liable therefor under a proper construction of the agreement, and alleges no consideration passed to him for his alleged liability. A rule for judgment for want of a sufficient affidavit of defense was discharged, whereupon plaintiff appealed, assigning as error the failure to make the rule absolute.

The only reason given by the court below for its order was that "the affidavit of defense raises the question as to whether or not Alexander N. Mogab, when he signed the agreement upon which suit is brought, made himself personally liable." This is so, but the determination of that question depends entirely upon a consideration of the agreement, and hence was a matter of law for the court and not one of fact for the jury; and the quotations above set forth make it clear he thereby "made himself personally liable." Nor is appellee in any better position on the question of consideration. It was not necessary that a consideration should have moved to him personally, it was sufficient to sustain the liability of all the parties of the second part that plaintiff agreed to advance the money to DeMartelly & Co. (Hamaker v. Eberley, 2 Binney 506; Smith v. Plummer, 5 Wh. 89; Davis v. Steiner, 14 Pa. 275; 9 Cyc. 316), the actual advances—followed by nonpayment of the assigned accounts—fixing the liability of appellant. Indeed, this is the only kind of consideration in any case of voluntary suretyship. Since appellee alleges in his paper-book that "the entire controversy in this case" depends upon the determination of this question, we need consider the matter no further.

The order of the court below is reversed, and the record is remitted with directions to enter judgment against

the defendant in such sum as to right and justice may belong, unless other legal or equitable cause should be shown to the court below why such judgment should not be so entered.