Union Trust Co. *v.* Long, Appellant.

Argued October 12, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, DREW and LINN, JJ.

*D. S. Thomas*, with him *Addison Lyon*, for appellant. —The release by the pledgor of his equity of redemption in the security was consideration for the promise to sell the security.

Where the pledgee assumes the duty of selling immediately the securities, he is liable for loss in the sale price caused by his failure to sell immediately: Rehder v. Miller, 35 Pa. Superior Ct. 344; Tarnogurski v. Rzepski, 252 Pa. 507.

Where the pledgor instructs the pledgee to sell at a time when the sale could have been made without loss to the pledgee, the pledgee is not liable for subsequent loss in the sale of the securities if he fails to follow the instructions of the pledgor: Moore v. Brooks, 2 Pa. C. C. R. 619; Fulton's Est., 65 Pa. Superior Ct. 437, 439; Pittsburgh Bank v. Porter, 15 Pa. Dist. 197.

The negligence of the pledgee in the sale of the collateral was a proper defense and counterclaim.

*Carl E. Glock*, with him *Reed, Smith, Shaw & McClay*, for appellee.—The case is ruled by York Bank v. Rieker, 262 Pa. 28.

There was no consideration for the alleged agreement to sell. Failure on the part of the maker to perform a duty can scarcely be called the waiver of a right.

The maker had the right on maturity but not before to redeem the securities by paying off the note: Smouse v. Bail, 1 Grant 397; Monongahela Nat. Bank v. Say, 55 Pitts. L. J. 277.

472

The averments of negligence are insufficient to prevent judgment.

Opinion by Mr. Justice Linn, November 28, 1932:

Plaintiff has judgment for want of a sufficient affidavit of defense for the balance claimed on defendant's 60-day collateral note, dated August 3, 1931, discounted by it. In addition to moving for judgment for want of a sufficient affidavit of defense, plaintiff also made the point (section 20, Practice Act of May 14, 1915, P. L. 486) that defendant's counterclaim stated no cause of action, a conclusion also adopted by the learned court below.

Defendant appeals and contends that an adequate defense was alleged and that, by his counterclaim, he is entitled to recover a specified sum from plaintiff. The learned court below held that the alleged promise on which defendant relies for his defense and counterclaim was without consideration, that plaintiff proceeded in accordance with the terms of the note in disposing of the collateral and crediting defendant with the net amount realized, and therefore was entitled to judgment.

The form of the note is in common use. It recites the deposit of the bonds as collateral security for the payment of the debt, "with the further right to the holder hereof, whenever in the opinion of the holder either the market value or the actual value of said securities shall be or become insufficient to provide an ample margin of security, to call for additional security and on failure of the undersigned [defendant] immediately to furnish the same this obligation shall be deemed to be forthwith due and payable, without demand or notice, with full power and authority to the holder hereof to sell and assign and deliver the whole of the above mentioned security, or any part thereof, or any substitute therefor, or any additions thereto, at any brokers' board or at public or private sale, at the option of the holder hereof, on the nonperformance of any promise herein or the nonpayment of

any liability above mentioned at any time or times, hereafter, without demand, advertisement or notice, and with the right in the holder hereof to purchase as any other bidder at any such public sale, free from any right of redemption by the undersigned......"

The statement of claim avers that on September 8, 1931, plaintiff notified defendant to furnish additional security or reduce the indebtedness, and that he paid $3,000 on account. Defendant admits those averments. Plaintiff also avers that, on September 12th, similar notice was given, and, that it was repeated several times prior to September 17th; that defendant neither paid on account nor increased the security, whereupon, between September 17th and October 7, 1931 (details are averred), plaintiff, in the open market, pursuant to the contract, sold the securities to third parties at the market price, and duly credited defendant's account, leaving the deficiency in suit. In the absence of fraud, and none is alleged, that sale transferred a good title: Jeanes's App., 116 Pa. 573, 11 A. 862; Colonial Trust Co. v. Central Trust Co., 243 Pa. 268, 90 A. 189; Hiscock v. Bank, 206 U. S. 28; Shafer v. Spruks (C. C. A., 3d Cir.), 226 Fed. 922; see, too, Seder v. Gould, 274 Mass. 223, also reported 76 A. L. R. 700, with recent annotation on the general subject.

Defendant admits the notice of September 12th, and, in defense, alleges that on September 14, 1931, he notified plaintiff to sell the securities, then worth, as he avers, $6,738.26 more than his debt, and that "defendant agreed with the plaintiff......that plaintiff would immediately sell,......credit the proceeds......and pay the balance to the defendant." He avers that, in violation of that agreement, plaintiff did not sell "immediately." He does not deny that the prices received by plaintiff, and credited, were the market prices. He counterclaims for the difference between the market prices, which, he says, would have been received if plaintiff had sold "immediately," and the price received. In

view of the conclusion that we have reached, it is unnecessary to consider, in the light of the pleadings, whether the sales were made immediately—which, in this connection, would perhaps mean within a reasonable time.

The collateral note measures the rights of the parties and, for convenience, may be said to establish (1) a debtor-creditor relation, and (2) a pledgor-pledgee relation. By the first, defendant agreed to pay the debt; by the second, he defined the terms of the pledge and the rights conferred on the pledgee. One of these is the right to sell the collateral on failure to provide additional security in the contingencies specified. It is a valid stipulation: Jeanes's App., supra; Phillips's Est. (No. 5), 205 Pa. 531, 55 A. 218; Colonial Trust Co. v. Central Trust Co., supra; Empire Nat. Bank v. High Grade Oil Co., 260 Pa. 255, 261, 103 A. 602.

Defendant contends that by plaintiff's alleged promise to sell immediately, he was released from his obligation to pay, i. e., that the debtor-creditor relation was extinguished; that the pledgor-pledgee relation was destroyed, and there was substituted for both relations a new arrangement whereby plaintiff would immediately sell the collateral and deduct from the proceeds the amount of defendant's debt and deliver the surplus to defendant. The parties were of course competent to discharge their existing contractual relations and to replace them by a new contract. As judgment was entered on the pleadings, we must therefore turn to defendant's pleading to see whether he has averred facts that adequately support his contention that a substitution of obligations was made. When we do so we can find no averments that show plaintiff's position to be without foundation. Plaintiff asks, if such contract was made (which it denies) where is the averment of consideration? Defendant does not aver that he gave anything for the promise, or suffered any legal detriment or was any worse off afterward than before. He does not say that he has "done, forborne or undertaken to do any thing"

or undertaken any counter-obligation or service; his position remained what it was from the time he delivered his note and collateral. Nor does he suggest that plaintiff gained anything or received any benefit. In Board of Missions v. Smith, 209 Pa. 361, 363, 58 A. 689, we said: "A test of good consideration is whether the promisee, at the instance of the promisor, has done, forborne or undertaken to do anything real, or whether he has suffered any detriment, or whether in return for the promise he has done something that he was not bound to do or has promised to do some act or has abstained from doing something." See also City Bank of York v. Rieker, 262 Pa. 28, 32, 104 A. 804; Commercial Fidelity Co. v. DeMartelly, 269 Pa. 354, 356, 112 A. 447; Walters v. Swallow, 6 Whart. 446; Restatement, Contracts, section 75 et seq. (Penna. Anno., page 103 et seq.). The statement of claim shows that defendant had neither paid nor increased the security, and that defendant was in default. By the agreement, plaintiff then had the right to enforce the pledge. The affidavit avers no circumstances that could give defendant any standing to interfere with plaintiff's exercise of that right. If it be said that there was forbearance in consideration of plaintiff's promise to sell immediately, the question is what did he forbear or omit doing that he might or would have done. What action did plaintiff's promise induce him to omit? Even then, unless the omission to act was something that plaintiff should have expected him to omit doing, it would not be consideration. See section 90, Restatement, Contracts, Pa. Anno., page 138, and discussion in volume 6, Proceedings, American Law Institute, page 331. Moreover, if he forbore doing anything, he should have averred what it was so that the court could consider its effect. It will not do to say that, after default, he omitted taking things into his own hands and selling the collateral, subject to the pledge, at a price in excess of his debt, because he does not aver that he could have, or even would have, done that; with-

out adequate averment, such forbearance is not in the case, without now considering its effect, if averred.

Defendant also puts his position in this form: On September 14, 1931, he "had the right to satisfy the demands of the plaintiff in one of three ways: First, by depositing with the plaintiff other or additional collateral security satisfactory to the plaintiff; or, second, by paying a portion of his indebtedness to the plaintiff to such an extent that plaintiff would be satisfied that the collateral which it held as a pledge was sufficient to protect the indebtedness of the defendant to the plaintiff; or, third, by paying the entire indebtedness. There would be no default until the defendant had failed to satisfy the plaintiff in one of these three aspects." But that position finds no support in the record. The averment in the statement of claim is that "defendant failed to give the plaintiff additional security and failed to reduce the indebtedness"; and those facts are not denied in the affidavit; his default, therefore, is a fact in the case that cannot be ignored. Defendant's recital of the alleged promise is no denial of plaintiff's averments, and cannot be accepted in that light in passing on the rule for judgment: Snellenburg v. Levitt, 282 Pa. 65, 127 A. 309. But, in any event, defendant errs in contending that he waived "rights." What he calls by that name were obligations to be performed by him, i. e., he agreed to repay the loan made to him by plaintiff, or to supplement the security. By failing to perform those obligations on demand he was not waiving performance by plaintiff of any obligation to him, because none was owing. Plaintiff had the option of making demands on defendant; so far as appears, defendant had none. As, therefore, it does not appear that defendant had any rights to waive, he gave, suffered or surrendered nothing as consideration, in the sense argued, for the alleged promise of plaintiff.

Defendant takes another position, and contends that, as he notified defendant to sell immediately, he is en-

titled, apart from plaintiff's alleged promise, to recover the difference between what he says would have been received if sale had then been made, and what was in fact received. This contention he attempts to support by cases in which the point was not presented for decision in this court, and in which, too, with one exception (Penna. Co., etc., v. Lynch, 308 Pa. 23) it does not appear that a collateral contract, of the kind executed by him, was before the court for consideration. He relies on the following obiter dictum in the opinion in O'Neill v. Whigham, 87 Pa. 394, that "Had the plaintiff sold the stock without notice to or from the defendant it might have raised a serious question as to the plaintiff's liability for the sacrifice. It was in the power of the defendant to have caused a sale by the plaintiff at anytime, or else to hold the stock at his own risk." But in Smouse v. Bail, 1 Grant 296, it was ruled that the pledgor could not hold the pledgee for loss in the collateral, sustained because the pledgee "would [not] let him [pledgor] have it to collect when it was alleged that Linus [maker of the note held as collateral] was in failing circumstances."

Even in a case where it is relevant, the fact that notice to sell was given by the pledgee would be only slight evidence, to be carefully submitted to the jury with other circumstances, on the question whether or not the pledgee had exercised reasonable diligence in the care, custody and management of the pledge. This follows from the nature of the contract between parties. In a pledge the general property remains with the pledgor and only a special property passes to the pledgee (Collin's App., 107 Pa. 590, 605). The pledgee is "within certain limits a trustee [and] is therefore presumed to act for the pledgor's interest as well as his own, but their interests are not identical, and where they may require different action the pledgee is entitled to regard his own, after having put the other party on his guard, by notice to him that he must look out for himself":

Plucker v. Teller, 174 Pa. 529, 535, 34 A. 208. In City Bank of York v. Rieker, 262 Pa. at 32, we said: "Be it so that plaintiff herein was bound to act in good faith and without supine negligence, it is none the less true that a refusal to act according to defendant's judgment or fears is not negligence of any kind. If bound to act whenever defendant required it, its bargain for a particular security might, without its consent, be broken as soon as made; its judgment would go for naught, and it might lose some or all of its claim, but could never receive more than its debt. Such a contention is too one-sided to receive judicial sanction unless unavoidable. To allow one of the parties to the contract to thus change it without the consent of the other, either express or implied, would come perilously near violating the obligation of the contract, if it did not overstep the constitutional line of inhibition." See, also, Lenahan v. Clark, 279 Pa. 297, 301, 123 A. 798. In a note to First Nat. Bank v. Hattaway, 172 Ga. 731, 77 A. R. L. 375, the subject is treated at length. We need of course not consider what the effect of such notice might have been if defendant had not executed the collateral contract in this record; his note defines the rights and obligations of the parties, and both are inconsistent with the effect attributed by defendant to the alleged notice to sell (compare Emmons v. McCreery, 307 Pa. 62). In the debtor-creditor relation the debt was due, and plaintiff had the right to sue for the debt before proceeding against the collateral: Harper v. Lukens, 271 Pa. 144, 147, 112 A. 636; on the other hand, plaintiff might enforce its rights under the pledgor-pledgee relation. "The fact that [plaintiff] thus had recourse to two funds in no way impaired his right to proceed against either or both, so long as he did not claim or secure more than was justly due": Fulton's Est., 65 Pa. Superior Ct. 437, 442. There was, however, a somewhat similar collateral contract in the Lynch case, supra. But defendant misapprehends the decision. As pointed out to him at the oral argument, the

single point decided in that case (being the only point presented by the record for review) was that this court found no abuse of discretion in the action of the trial court in granting a new trial. The trial judge had particularly stated thát a new trial was granted because he thought the verdict may have been "due to [his] failure ......to charge more fully and explicitly on defendant's counterclaim." We stated that, as a new trial was ordered, we would not review appellant's assignment of error complaining that its motion for judgment was overruled. Disregarding this express limitation to the point passed on, appellant would appear to contend that because, in stating the record, the opinion quotes, without disapproval, points of charge that were affirmed, he may treat the instructions so given to the jury (which he says support his argument) as having the approval of this court. Nothing is farther from the fact. The effect of a pledgor's notice to a pledgee to sell, in contradiction of the terms of the written contract of the parties, was neither presented for review nor was it considered.

Judgment affirmed.