Goodbody et al., Appellants, *v.* Margiotti.

Opinion by Mr. Justice Stern, April 12, 1937:

Defendant in this case presents a petition for reargument of the question as to whether the alleged agreement between the parties of July 8, 1931, was without consideration on his part and therefore unenforceable. The facts are set forth in the opinion reported in 323 Pa. 529.

It is urged that consideration for the agreement may be predicated upon (1) defendant's waiver of a claim for approximately $2,000 damages caused by the decline in the value of his securities from the opening of the market on July 8 until the alleged agreement was made in the afternoon of that day; or (2), defendant's withdrawal of his previous order to sell out his account; or (3), a liability that might be subsequently incurred by defendant in authorizing plaintiffs to buy and sell securities for their own benefit but in his name.

(1) It was pointed out in the course of the opinion filed in this case that defendant's "waiver" of the claim for $2,000 damages was nominal, not actual. The situation was that defendant was then indebted to plaintiffs in a sum (over and above the market value of the collateral) $2,000 greater than it would have been had the collateral been sold as ordered by defendant. According to the alleged agreement, plaintiffs, who, as defendant contends, had themselves caused this additional loss, agreed to renounce all right to its recovery. Defendant therefore did not in reality waive any claim against

560b

plaintiffs, but, on the contrary, plaintiffs themselves assumed this loss.

(2) Defendant did not in fact *withdraw* any order to sell out his account. He could not have done so because the order which he had given to plaintiffs was to sell at the opening of the market on July 8 and was therefore defunct at the time the alleged agreement was made. The order to sell at the time specified could not have been executed in the afternoon of July 8. All that defendant could and did claim in the afternoon was a denial of liability for the intermediate loss resulting from plaintiffs' failure to sell in the morning. Of course defendant could have given a *new* order to sell out his account then or thereafter, but if it be urged that an agreement on his part to refrain from insisting upon such a sale constituted a consideration for plaintiffs' guaranty against loss, the obvious reply is that the account showed a substantial deficit and therefore defendant would have had no legal right to demand that plaintiffs should sell the collateral securities and look to him for payment of the debit balance: *Union Trust Company v. Long,* 309 Pa. 470; *Gordon, Secretary of Banking, v. Mitchell,* 320 Pa. 277. A promise to forbear the exercise of a right which does not exist cannot constitute consideration for a contract, nor, for the same reason, could such forbearance give rise to a promissory estoppel.

(3) In the opinion filed in this case it was said that plaintiffs could have speculated in securities on their own account and did not require the use of defendant's name for that purpose. This statement was in reply to an argument presented in the case, but was not intended to imply that the agreement under discussion purported to confer upon plaintiffs authority to continue to buy and sell securities in defendant's name. On the contrary, defendant's version of the agreement—plaintiffs deny the existence of any agreement whatever—was that plaintiffs contracted to carry the account without re-

quiring additional margin "until the market came back," but not that defendant was to allow plaintiffs to make further purchases and sales on his account. Indeed, defendant in his testimony insisted that when he learned from time to time of such transactions he protested, and repudiated plaintiffs' right to engage in them. The account was to be allowed to "run on," that is, was not to be sold out until the market had "come back" to a point where neither party would sustain a loss; but defendant did not authorize plaintiffs to buy or sell further securities in the account in his name, and therefore this suggested consideration for plaintiffs' alleged promise of guaranty also fails.

The petition for reargument is dismissed.