Schwab, Appellant, *v.* Continental–Equitable Title and Trust Company.

Argued April 11, 1938.   Before MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Arthur S. Arnold,* for appellant.

*Earl G. Harrison,* with him *Samuel E. Ewing, Jr.,* of *Saul, Ewing, Remick & Saul,* for appellee.

OPINION BY MR. JUSTICE DREW, May 9, 1938:

This action is in assumpsit to recover the sum of $10,000 deposited with defendant subject to the terms of an oral agreement. The jury returned a verdict for defendant. Plaintiff's motions for a new trial and for judgment n. o. v. were denied. This appeal followed.

Plaintiff was the owner of premises subject to a first mortgage held by defendant, which, being in default, plaintiff was requested to pay. In deferring its demand for plaintiff's accommodation, defendant agreed to accept a deposit of $10,000 in a "suspense account" subject to the terms of an oral agreement, which the jury, in response to directions for a special finding, determined to be as follows: The deposit might be applied to the mortgage at defendant's option, but if plaintiff should, before such application, arrange a sale of the mortgage, or a sale of the property with payment of the mortgage by the purchaser, or reduction to the extent of $10,000, then the deposit was to be returned.

While holding this $10,000 account, none of the conditions upon which the money was to be returned having been satisfied, defendant, being in financial straits, arranged with the Pennsylvania Company for Insurances on Lives and Granting Annuities to guarantee its deposit liabilities, assigning as security for the undertaking certain of its assets, including the mortgage on plaintiff's premises. Subsequently the Pennsylvania Company foreclosed the mortgage, then seriously in default, and took title to the premises. Defendant thereupon applied the proceeds of the "suspense account" in reduction of the mortgage debt.

Plaintiff urges principally that defendant's right so to apply the $10,000 terminated on its assignment of the mortgage to the Pennsylvania Company. The contention ignores the fact that the assignment was not absolute but was only a pledge for security. "In a pledge the general property remains with the pledgor and only a special property passes to the pledgee": *Union Trust*

*Company v. Long,* 309 Pa. 470, 477; *Collins's Appeal,*
107 Pa. 590, 605. While the pledgor's obligation re-
mains outstanding the pledgee has a lien on the security
pledged, but he is liable for its return when the obliga-
tion is discharged: *Berkovitz's Appeal,* 319 Pa. 397;
*Bangor Silk Knitting Co. v. Wise,* 277 Pa. 415. So here
the Pennsylvania Company remained liable to turn over
to defendant the property taken on foreclosure, since it
was no more than the original security in changed form.
Consequently, defendant, in applying the "suspense ac-
count" to the mortgage debt, did no more than exercise
a right which would have been undoubted had the pledge
not been made and had defendant itself effected the fore-
closure. Defendant retained an interest in the mort-
gage at all times and lost none of its rights with rela-
tion to plaintiff by the security assignment to the Penn-
sylvania Company.

Nor does it make a difference that the "suspense ac-
count" was listed as one of defendant's liabilities guar-
anteed by the Pennsylvania Company. Plaintiff urges
that this fact recognized the deposit as defendant's un-
conditional liability and worked a waiver of defendant's
right later to charge the deposit to the mortgage. On the
contrary, the fact indicated only that defendant remained
willing to return the amount to plaintiff, if the terms of
the oral agreement were satisfied. Since this has not
happened, he cannot now demand repayment.

Plaintiff complains of the admission into evidence of
certain letters written him by the defendant requesting
payment of the $10,000, in accordance with the agree-
ment. It is argued that these are self-serving declara-
tions, although when offered at trial they were objected
to only as immaterial. Since plaintiff admits he paid
the $10,000 pursuant to the demand, admission of the
letters, which throw no light on what the real agreement
actually was, did him no harm. Moreover, the letters
were not self-serving. They were written to bring about
compliance with the oral agreement previously made,

and plaintiff paid the money pursuant to the request: cf. *Grace. Contracting Co. v. Norfolk & Western Railway Co.*, 259 Pa. 241.

Plaintiff objects also to the action of the trial judge in requesting a special finding. It is said the court instructed the jury to return "a special verdict" by answering two questions which in substance asked the jurors specifically whether the terms of the oral agreement were as claimed by the plaintiff or as claimed by the defendant. It is perfectly clear that what the court desired was a special finding, and that use of the term "special verdict" was a mere inadvertence and entirely harmless. The jury returned a general verdict for defendant in addition to answering the questions submitted.

The action of the court was sensible and proper, and the return of the jury shows an intelligent understanding of the request of the court and the facts of the case. Nothing better could have been done at the trial to achieve a definite and accurate result, and we approved and recommended the practice in *Goodall v. Hess*, 315 Pa. 289, and in *Abraham Fur Company v. Cameron*, 295 Pa. 408, where we said, at page 418, "In this connection we think it proper to state that we look with favor upon special findings by juries. They throw clear light upon controverted questions and greatly aid just determination both in courts of first instance and upon appeal. Wherever there are controlling questions in a cause they should be submitted for the jury's answer in addition to the general finding. If this be done, much of the criticism of trial by jury will cease." This is precisely what was done here, and if it had not been for the slight and harmless inadvertence of the trial judge this assignment would not have arisen. Not anyone, counsel or the jury, misunderstood the request as is obvious from the result.

Judgment affirmed.