## In re Merion Title & Trust Company of Ardmore

*Russell J. Brownback*, for accountant.

*John H. Longaker*, for exceptant.

KNIGHT, P. J., January 31, 1941.—There has been filed in this case a very complete stipulation of the facts. This stipulation, with its exhibits, is too lengthy to incorporate in full in this opinion, but we will attempt to glean therefrom such essential facts as may be necessary to understand the questions of law we are asked to decide.

The Merion Title & Trust Company of Ardmore is insolvent, and the Secretary of Banking is the receiver. For the sake of brevity, we will hereafter refer to the trust company and the receiver as "Merion".

Merion, during its corporate existence, created and managed a mortgage trust pool, and in furtherance thereof issued coupon-bearing mortgage trust fund certificates, in which Merion guaranteed the payment of principal and interest to the registered holder thereof.

When Merion closed its doors, the assets of the trust pool were transferred to The Bryn Mawr Trust Company as substituted fiduciary for the purpose of liquidation.

The substituted trustee has proceeded with the liquidation of the mortgages in the pool, and has filed 13 accounts, making distribution among the certificate holders of the amounts collected from time to time.

The Secretary of Banking has filed three exceptions to this, the thirteenth account, which we will now consider.

Among the mortgages in the mortgage pool were some in which Merion still had an interest; that is, the full amount of the face of the mortgage was not allocated to the certificate holders, and the balance is the sole property of Merion. The first two exceptions apply to two items of this kind; one an item of $210, representing Merion's share in the principal of a certain mortgage of Calvary Presbyterian Church; and the other an item of $99.10, representing Merion's share of the accrued interest in this mortgage.

Merion is not entitled to participate in the distribution of these items, and it is so agreed in the stipulation filed.

See also Agricultural Trust and Savings Company's Mortgage Pool Case, 329 Pa. 581, North City Trust Company Case, 327 Pa. 356, and Land Title Bank & Trust Company v. Schenk et al., 335 Pa. 419.

We are asked, however, to determine, as to the above items, whether they can be immediately distributed among the certificate holders, or whether they shall be held by Bryn Mawr until the final liquidation of the pool.

It is agreed in the stipulation that the mortgage pool now in process of liquidation cannot be liquidated so as to pay to the holders of the mortgage trust fund certificates the principal and interest due thereon, as provided for in the certificates.

This being the fact, we see no purpose in holding the money until the entire pool is liquidated. If, by some miracle, enough money is realized to pay the certificate holders in full, with interest and costs, then any surplus can be paid to Merion.

The first and second exceptions should accordingly be dismissed, and the substituted fiduciary directed to distribute the two items mentioned in these exceptions among the certificate holders other than Merion.

The third exception presents a far more difficult problem.

Prior to October 5, 1931, Merion had issued to one Henry H. Arnold two mortgage certificates in the sum of $500 each, and on the above date Arnold deposited these certificates with Merion as collateral for a note of $900 due by Arnold to Merion. This note and the certificates were taken over at the closing of Merion by the Secretary of Banking.

Prior to November 12, 1930, one Henry S. Boyce was indebted to Merion on four promissory notes, aggregating $37,300, and on said date, by a written agreement, deposited $35,000 in mortgage certificates with Merion as side collateral for said indebtedness. At the closing of Merion, Henry S. Boyce was indebted to Merion in the sum of $37,300.

The mortgage certificates, above mentioned, are still registered in the names of Henry H. Arnold and Henry S. Boyce. The Secretary of Banking, receiver of Merion, claims the dividends on these certificates, contending the money thus received should be applied to the indebtedness of Arnold and Boyce to Merion.

Counsel for accountant argues that Merion has no right to receive the dividends on the Arnold and Boyce certificates; that to the extent of its lien on these certificates it has no more claim on this money than it has on certificates solely the property of Merion. Counsel agrees that Arnold and Boyce are entitled to have the amount of the dividends credited on their indebtedness to Merion, but asks that these dividends be distributed among other certificate holders, and the receiver be directed to credit Arnold and Boyce with the amount thereof.

We have not been able to find any case where the exact question has been raised and decided.

The learned counsel for accountant assumes in his argument that the dividends are the property of Merion, and being the money of Merion accountant has the right to set off the dividends against the indebtedness of

Merion to the certificate holders on its guaranty. Counsel bases this assumption of ownership on the case of Gordon, Secretary of Banking, v. Union Trust Co., 308 Pa. 493, wherein it is said in the opinion (p. 496) :

"To whom do the funds really belong? Mutuality of right in a set-off is not circumscribed by the 'right to bring an action,' but the broader question may be and generally is of importance. Whose money or claim is proposed to be used as a set-off? This is the true equitable principle which governs such questions."

To whom do these dividends belong?

"The interest of the pledgor in the property pledged is entirely separate and distinct from that of the pledgee; and upon a contract of pledge, the general property or title in the thing pledged remains in the pledgor, subject to a lien in favor of the pledgee for the amount of the debt or obligation for which the pledge is given": 49 C. J. 922, sec. 57.

" 'In a pledge the general property remains with the pledgor and only a special property passes to the pledgee' . . . While the pledgor's obligation remains outstanding the pledgee has a lien on the security pledged, but he is liable for its return when the obligation is discharged": Schwab v. Continental-Equitable Title & Trust Company, 330 Pa. 540, 541.

The dividends then belong to Arnold and Boyce, subject to the lien of Merion. If any equities exist by reason of the guaranty of Merion, those equities are in favor primarily of Arnold and Boyce, the purchasers of the bonds. Since the dividends belong to Arnold and Boyce, subject to the lien of Merion, we think the money should be paid to Merion to be applied to the loans of Arnold and Boyce.

This is not a case of a joint debtor, who is insolvent, attempting to divert a fund from a creditor to whom he owes it, into his own irresponsible pocket, as was the situation in Worrall's Appeal, 41 Pa. 524, for in the present case the money must be applied in payment of the

loans of Arnold and Boyce. This was the intent of the parties when the pledge agreement was entered into.

To award these dividends to the substituted trustee, for distribution among all the certificate holders, would, in our opinion, divert an asset belonging to another set of creditors of Merion, namely the depositors, to the certificate holders. For the debt of Arnold and Boyce is an asset of Merion, applicable to the depositors. We do not think the doctrine of subordination should be carried so far as to do an inequity.

It does not follow, however, that the receiver is entitled to receive the dividends of Arnold and Boyce at this time. The stipulation of facts does not state that these two men are insolvent, nor does it state if any steps have been taken to recover from them on the notes held by Merion.

If Arnold and Boyce pay their obligations to Merion, either voluntarily or by adverse proceedings, then they would be entitled to the dividends. If suit is brought against Arnold and Boyce, these men might set off against the claims the liability of Merion to them on its guaranty of the certificates.

Until the situation is clarified, we think the Arnold and Boyce dividends should be awarded back to the accountant to await a further accounting. As we understood the account, the accountant asks that the Arnold and Boyce dividends should be awarded back to hold pending decision as to its rights to set off these and future dividends against principal and interest due by Merion to the pool.

As we cannot fully decide upon the facts before us, we are of the opinion that this exception should also be dismissed.

And now, January 31, 1941, the first and second exceptions are dismissed, and the accountant is directed to distribute the amount of the items mentioned in these exceptions among the certificate holders other than Merion. The third exception is also dismissed.