# Harper *v.* Lukens, Appellant.

*Promissory note—Agreement in note as to collateral—Evidence —Appeals—Striking out note—Assignment of error—Act of May 14, 1915, P. L. 483.*

1. In an action on a note with collateral, it is not necessary for plaintiff to plead or prove the latter, or any contract relating thereto; the burden is on defendant to show that the collateral is so held as to prevent a recovery on the note.

2. Under the Practice Act of May 14, 1915, P. L. 485, it is necessary for the pleader to attach to his pleading copies of all notes, contracts, etc., upon which he relies for his claim or defense; but it is not necessary to attach copies of other papers merely referred to but not essential to his cause of action; nor is it necessary to make proof of such unessential papers.

3. Where a collateral promissory note contains a reference to a contract connected with the collateral, defendant cannot, on appeal, object to the note as evidence, where he did not move to strike it out, nor assign as error the ruling of the trial court for its admission.

Argued January 12, 1921. Appeal, No. 126, Jan. T., 1921, by defendant, from judgment of C. P. No. 3, Phila. Co., June T., 1917, No. 2576, on verdict for plaintiff, in case of John W. Harper v. William E. Lukens. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit on promissory note. Before McMICHAEL, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $11,688.93. Defendant appealed.

*Error assigned,* among others, was refusal of defendant's motion for judgment n. o. v., quoting record.

*Ruby R. Vale,* for appellant.—Plaintiff must set out in his declaration the whole of his contract and his proofs must follow the averments of such contract: Carpenter v. Cement Co., 211 Pa. 551; Wilkinson Mfg. Co. v. Walde, 196 Pa. 508; Acme Mfg. Co. v. Reed, 181 Pa 382; Wunderlich v. Sadler, 189 Pa. 469.

The burden of proving the existence of the whole contract as a cause of action is on the plaintiff, and his likewise is the burden of proving every fact essential to the cause of action: Johnson v. Wanamaker, 17 Pa. Superior Ct. 301; Payne v. Roberts, 214 Pa. 568.

The mere introduction in evidence of the part promising to pay, without offering in evidence the part which contains the terms and conditions under which payment is to be made, affords no evidence of the damages sustained by the plaintiff or evidence of the measure of damages: Dean v. M'Pherrin, 2 S. & R. 67.

*C. W. Van Artsdalen,* with him *W. H. Ramsay,* for appellee, cited: Morrison v. Collins, 127 Pa. 28; Burk & McFetridge's Assigned Est., 205 Pa. 332.

OPINION BY MR. JUSTICE WALLING, February 21, 1921:

This action of assumpsit is on a note as follows, viz:

"$9,356.12          Philadelphia, March 22nd, 1915.

"On Aug. 1st, 1915, after date, I promise to pay to John W. Harper, Nine Thousand Three Hundred fifty-six and 12/100 Dollars ($9,356.12) for value received, without defalcation, with interest at six per cent. per annum thereon from January 20th, 1915. Along with the foregoing obligation I have delivered a deed convey-ing to the said John W. Harper, four hundred acres of land, more or less, located in Merrimon Township, Carteret County, North Carolina (said deed bearing even date herewith and intended to be forthwith duly record-ed), as collateral security for the prompt payment at maturity of this note, under and subject to the terms and conditions of a certain agreement, bearing even date herewith, of which this obligation is a part; which collateral I hereby authorize and empower the holder of this promissory note, provided the same be not paid at maturity, to sell at public or private sale at any time or times hereafter without further notice to me, and with the right on the part of the holder of this obligation to become the purchaser at such sale or sales and to transfer, assign and deliver the same.

"[Signed] William E. Lukens."

Plaintiff's statement contains a copy of the note but not of the agreement therein mentioned. The latter, however, is set out in the affidavit of defense. At the trial, the note was received in evidence over defendant's objection that it was competent only in connection with the agreement of which it formed a part. Plaintiff rested without offering the agreement and defendant submitted no evidence, but asked for binding instructions on the ground that plaintiff had failed to aver or prove the

contract of which the note was a part. The trial judge directed a verdict for plaintiff, and this appeal is from judgment entered thereon.

Defendant's contention cannot be sustained. The note provides for two things, (a) payment of the amount as stipulated, and (b) collateral security therefor. The latter, as the note recites, is "under and subject to the terms and conditions of a certain agreement, bearing even date herewith of which this obligation is a part." As the collateral is pledged expressly subject to the agreement and the note as an obligation to pay is not, we must assume the agreement refers to the former, and were this a proceeding to realize on the collateral, the agreement might be a necessary element of plaintiff's case, but it is not here. This is an action on a note which the holder can maintain without realizing, or attempting to realize, upon his collateral: Jones on Collateral Securities (3d ed.), sections 685, 686; Colebrook on Collateral Securities (2d ed.), section 153; and see City Bank of York v. Rieker, 262 Pa. 28; O'Neill v. Whigham, 87 Pa. 394. As this suit is expressly based upon the note, it was not necessary for plaintiff to allege or prove the agreement as to the collateral. If that contained any provision amounting to a discharge or payment of the note, the burden was upon defendant to show it. That is, in an action on a note with collateral it is not necessary for plaintiff to plead or prove the latter, or any contract relating thereto; for the burden is upon a defendant to show that the collateral is so held as to prevent a recovery upon the note.

Several notes may grow out of one contract and each be a valid obligation capable of sustaining an action without averment or proof of the contract. A bond and mortgage may stand for the same debt, yet suit can be maintained upon either without pleading or proving the other. Under the statute (Practice Act May 14, 1915, P. L. 483) it is necessary for the pleader to attach to his pleading copies of all notes, contracts, etc., upon which

he relies for his claim or defense; but it is not necessary to attach copies of other papers merely referred to but not essential to his cause of action (Peoples Street Ry. Co. v. Spencer, 156 Pa. 85; First Nat. Bank v. Crosby, 179 Pa. 63); nor is it necessary to make proof of such nonessential papers.

Moreover, while defendant objected to the note as evidence, he did not move to strike it out nor assign as error the ruling of the trial court for its admission. We must, therefore, consider the note properly in evidence (Buehler v. United States Fashion Plate Co., 269 Pa. 428), and, so doing, it makes a prima facie case.

The judgment is affirmed.