J-A34005-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF BANK OF AMERICA FUNDING CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-J | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEPHEN A. GLASSMAN | |
| Appellant | No. 793 MDA 2015 |

Appeal from the Order April 6, 2015
In the Court of Common Pleas of Berks County
Civil Division at No(s): 12-6213

BEFORE:  PANELLA, J., OTT, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                    **FILED FEBRUARY 11, 2016**

Appellant, Stephen A. Glassman, appeals from the order entered April 6, 2015, in the Court of Common Pleas of Berks County, which entered summary judgment in favor of Appellee, U.S. Bank National Association, as Trustee for the Certificateholders of Bank of America Funding Corporation Mortgage Pass-through Certificates, Series 2006-J. We affirm.[1]

---

[1] The record indicates that Appellant has not filed a reproduced record or a designation of record. Appellee, however, has made no motion for dismissal pursuant to Pa.R.A.P. 2188. Thus, while we admonish Appellant for failing to comply with the requirements of Rule 2188, we decline to dismiss his appeal. **See** Pa.R.A.P. 2188 (requiring a motion from appellee before dismissing an appellant's brief for untimeliness).
*(Footnote Continued Next Page)*

We take the underlying history of this case from the trial court's Rule 1925(a) opinion.

> [Appellee, U.S. Bank], is the mortgagor and last record owner of the subject property. On November 17, 2006, [Appellant] executed and delivered to Bank of America, N.A. (hereinafter, Lender), a promissory note in consideration for a loan made to him by Lender on that date. [Appellant] promised and agreed to pay to Lender, its successors, and assigns the principal loan amount of $562,500 plus interest. A mortgage [for the property located at 1600 Hampden Boulevard, Reading, Pennsylvania] was executed as security for the loan.

> A Title Report was made on December 23, 2011. On September 5, 2012, the mortgage was assigned to [Appellee] by an assignment which was recorded in the Office of the Recorder of Deeds of Berks County on September 11, 2012.

*(Footnote Continued)* ─────────────

We further note that Appellant's brief, drafted by John D. Bucolo, Esquire, fails to substantially comply with our Rules of Appellate Procedure, in that the brief does not include (1) a statement of jurisdiction; (2) a copy of the order or other determination in question; (3) statements of the scope and standard of review; (4) a statement of the case; (4) a summary of the argument;  (5) a copy of the Rule 1925(b) statement; and (6) a table of contents or a table of citations. **See** Pa.R.A.P. Rules 2111(a) and 2174(a) and (b), respectively. Appellant's Brief violates Pa.R.A.P. 2119 in that the argument is not divided into as many parts as there are questions to be argued, and does not contain any reference to the record as per Pa.R.A.P. 2132.

This Court is empowered to dismiss appeals when substantial defects in a brief impede us from conducting meaningful appellate review. Pa.R.A.P. 2101. However, despite Appellant's blatant and willful disregard for our Rules of Appellant procedure, these infractions do not affect our ability to review this matter. Indeed, our review of the record quickly reveals that Appellant's claims are patently meritless or otherwise waived. Therefore, we decline to dismiss this appeal. ***See***, ***e.g.***, ***Morgan Guar. Trust Co. of New York v. Mowl***, 705 A.2d 923, 924 n.1 (Pa. Super. 1998). We caution Attorney Bucolo against disregarding our Rules of Appellate procedure in the future.

[Appellee] filed a complaint in Mortgage Foreclosure on April 20, 2012. [Appellee] alleged that [Appellant] had defaulted on the mortgage by failing to make the required monthly payments of principal and interest due on December 1, 2010 and thereafter. [Appellee] sent the requisite [pre-foreclosure notices] on January 31, 2011, before it initiated this action.

[Appellant's] Answer to the Complaint consisted of admissions and general denials. [Appellant's] New Matter alleged that [U.S. Bank] lacked standing to bring the action. [Appellant] also contended that [Appellee] is not the real party in interest and that Bank of America is an indispensable party to the litigation. Additionally, [Appellant] maintained that [Appellee] failed to provide the requisite [pre-foreclosure notices]. [Appellant's] last contention was that [Appellee] failed to conduct a title search.

In [Appellant's] reply to [Appellee's] request for admissions, [Appellant] admits that the loan is in default and the [pre-foreclosure notices] complied with all statutory requirements.

Trial Court Opinion, 6/19/15 at 1-2.

Appellee moved for summary judgment, which the trial court granted.

This timely appeal followed.

Appellant raises the following issues for our review.

A. Where the assignment of a mortgage and note in [Appellee's] favor occurs after a mortgage foreclosure action based on that same mortgage and note is commenced by the same plaintiff, is the assignment without consideration and unenforceable?

B. Where there is a genuine issue of material fact regarding what entity owns and is in possession of the original note, is it proper to deny summary judgment against the mortgagor?

Appellant's Brief at 2-3 (unnumbered).

We review a challenge to the entry of summary judgment as follows.

[We] may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. *See* Pa.R.C.P., Rule 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will review the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

***E.R. Linde Const. Corp. v. Goodwin***, 68 A.3d 346, 349 (Pa. Super. 2013) (citation omitted).

In actions for *in rem* foreclosure due to the defendant's failure to pay a debt, summary judgment is proper where the defendant admits that he had failed to make payments due and fails to sustain a cognizable defense to the plaintiff's claim. ***See Gateway Towers Condo. Ass'n v. Krohn***, 845 A.2d 855, 858 (Pa. Super. 2005); ***First Wis. Trust. Co. v. Strausser***, 653 A.2d 688, 694 (Pa. Super. 1995).

Appellant first argues that Appellee was without standing to enter judgment in this matter. Pennsylvania Rule of Civil Procedure 2002(a) provides that "[e]xcept as otherwise provided ... all actions shall be prosecuted by and in the name of the real party in interest...." Pa.R.C.P. 2002(a). A "real party in interest is a [p]erson who will be entitled to

- 4 -

benefits of action if successful.... [A] party is a real party in interest if it has the legal right under the applicable substantive law to enforce the claim in question." ***U.S. Bank N.A. v. Mallory***, 982 A.2d 986, 994 (Pa. Super. 2009) (internal quotation marks and citation omitted). Where an assignment is effective, however, the assignee stands in the shoes of the assignor and assumes all of his rights. ***See Smith v. Cumberland Group, Ltd.***, 687 A.2d 1167, 1172 (Pa. Super. 1997). It follows that "the assignee is usually the real party in interest and action on the assignment must be prosecuted in his name." ***Wilcox v. Regester***, 207 A.2d 817, 820 (Pa. 1965).

> In a mortgage foreclosure action, the mortgagee is the real party in interest. ***See Wells Fargo Bank, N.A. v. Lupori***, 8 A.3d 919, 922 n.3 (Pa. Super.2010). This is made evident under our Pennsylvania Rules of Civil Procedure governing actions in mortgage foreclosure that require a plaintiff in a mortgage foreclosure action specifically to name the parties to the mortgage and the fact of any assignments. Pa.R.C.P. 1147. A person foreclosing on a mortgage, however, also must own or hold the note. This is so because a mortgage is only the security instrument that ensures repayment of the indebtedness under a note to real property. ***See Carpenter v. Longan***, 83 U.S. 271, 275 (1872) (noting "all authorities agree the debt is the principal thing and the mortgage an accessory."). A mortgage can have no separate existence. ***Id***. When a note is paid, the mortgage expires. ***Id***. On the other hand, a person may choose to proceed in an action only upon a note and forego an action in foreclosure upon the collateral pledged to secure repayment of the note. ***See Harper v. Lukens***, 112 A. 636, 637 (Pa. 1921) (noting "as suit is expressly based upon the note, it was not necessary to prove the agreement as to the collateral."). For our instant purposes, this is all to say that to establish standing in this foreclosure action, appellee had to plead ownership of the mortgage under Rule 1147, and have the right to make demand upon the note secured by the mortgage.

*CitiMortgage, Inc. v. Barbezat*, --- A.3d ---, ---, 2016 WL 99772 at *3 (Pa. Super., filed Jan. 7, 2016).

Appellant avers that the assignment of the mortgage, which was recorded after Appellee instituted the Complaint in mortgage foreclosure, was insufficient to confirm standing upon Appellee as the assignee. *See* Appellant's Brief, at 3 (unnumbered). We disagree.

Here, Appellee averred in the complaint the existence and date of the mortgage and that Appellee was the holder of the mortgage "by assignment which will be duly recorded in the office of the recorder for Berks County." Complaint, 4/20/12 at ¶ 4. Appellee attached to its reply to Appellant's new matter a copy of the Assignment of Mortgage from Bank of America to Appellee, recorded in Dallas, Texas on December 29, 2006. *See* Plaintiff's Reply to New Matter, Exhibit A. Prior to the entry of summary judgment, as Appellee indicated in the Complaint it would do, the assignment of the mortgage between Bank of America and Appellee was executed on September 5, 2012, and recorded in Berks County under instrument number 2012037657 on September 11, 2012. *See* Motion for Summary Judgment, Exhibit C.

We note that although the mortgage assignment was not recorded in Berks County until *after* the filing of the foreclosure complaint, "the recording of an assignment of the mortgage was not a prerequisite to Appellee having standing to seek enforcement of the mortgage via a mortgage foreclosure action." *Mallory*, 982 A.2d at 994. Therefore,

- 6 -

Appellant's challenge to Appellee's standing to pursue the foreclosure complaint based upon the then unrecorded mortgage assignment is patently meritless.

Appellant also baldly asserts that Appellee cannot establish ownership of the note securing the mortgage. We have reviewed Appellant's argument, and find that he has offered no citation to pertinent legal authority to support this argument. We therefore find this claim to be waived for lack of development. *See Umbelina v. Adams*, 34 A.3d 151, 161 (Pa. 2011) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." (citation omitted)).

Based on the foregoing, we find that the trial court did not err in finding that Appellee had standing as a real party in interest to bring the foreclosure action. Appellant has not pointed to any evidence of record to support his bare assertion that Appellee has not established ownership of the debt. *See* Pa.R.C.P. 1035.3(a) (an adverse party may not rest upon the mere averments or denials in its pleadings). Therefore, we affirm the order granting summary judgment in Appellee's favor.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/11/2016</u>