J-A04010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| WELLS FARGO BANK, N.A., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| WILLIAM T. ZIPF, | |
| Appellee | No. 1680 WDA 2014 |

Appeal from the Order September 19, 2014
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): MG-14-000860

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., and SHOGAN, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED MAY 10, 2016**

In this mortgage foreclosure action, Wells Fargo Bank, N.A. appeals from the order entered September 19, 2014, which sustained preliminary objections filed by William T. Zipf and dismissed the bank's complaint with prejudice.  We reverse.

In June 2007, Monica M. Zipf executed a promissory note in favor of Accredited Home Lenders, Inc. for the amount of $270,000.  The note was secured by a mortgage, executed by William and Monica Zipf and delivered to Mortgage Electronic Registration Systems, Inc. on certain real property located at 7142 Sansue Drive, Bethel Park, PA, 15102.

In November 2008, Ms. Zipf died, and Mr. Zipf assumed liability under the note.  Thereafter, in February 2010, Mr. Zipf defaulted on his obligations due under the note by failing to make the required monthly payments.

Current mortgagee Wells Fargo commenced this action in June 2014. In addition to setting forth relevant information, such as the parties and date of the mortgage, its place of record, a specific averment of default, an itemized statement of the amount due, and a demand for judgment *in rem*, Wells Fargo also averred that the original, promissory note had been lost. To its complaint, Wells Fargo attached a "lost note" affidavit and a copy of the note.

Mr. Zipf filed preliminary objections in the nature of a demurrer. According to Mr. Zipf, Wells Fargo was unable to establish itself as the holder of the note because the original was lost. Moreover, as Ms. Zipf is deceased, Wells Fargo could not authenticate a copy of the note. Finally, Mr. Zipf objected that the complaint revealed a gap in the chain of mortgage assignments. For these reasons, Mr. Zipf asserted that Wells Fargo could not establish its interest in the mortgage and, therefore, lacked standing to pursue an action in foreclosure.

In response, Wells Fargo suggested that as the last assignee of all rights in the mortgage, it had standing to prosecute its claim on the mortgage. Nevertheless, Well Fargo also supplied a complete chain of recorded mortgage assignments. Wells Fargo also suggested that it could establish its standing to pursue a claim on the note based upon the provisions of 13 Pa.C.S. § 3309 ("Enforcement of lost, destroyed or stolen instrument"). Following argument, the trial court sustained Mr. Zipf's

preliminary objections without recorded explanation and dismissed the complaint with prejudice. Wells Fargo timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement.

The trial court's responsive opinion cited no binding or persuasive authority, nor any statutory support for its decision. Rather, the trial court baldy determined that Wells Fargo's reliance upon 13 Pa.C.S. § 3309 to establish its right to proceed was misplaced. *See* Trial Court Opinion, 02/12/2015, at 7-9. According to the trial court, Wells Fargo's production of the original bearer note[1] was "critical," because otherwise Ms. Zipf's estate "could be liable to whoever [*sic*] now is the 'bearer.'" *Id.* at 9. Based upon this fatal flaw, the trial court determined that it had no obligation to permit amendment of Wells Fargo's complaint. *Id.* The court also suggested that Wells Fargo's attempt to "fill in the blanks" of the mortgage assignment chain was insufficient to establish its right to foreclose. *Id.* at 7.

Wells Fargo raises several issues on appeal. *See* Appellant's Brief at 2-3. Essentially, however, the sole issue before this Court is whether Wells Fargo lacks standing to pursue its mortgage claim. *See id.* (raising three variations on this theme, as well as a fourth issue suggesting the trial court failed to accept its well-pleaded facts as true).

---

[1] Wells Fargo does not dispute that the note is a bearer note. A note endorsed in blank "becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." 13 Pa.C.S. § 3205.

Our standard of review is settled.

[We must] determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Majorsky v. Douglas*, 58 A.3d 1250, 1268-69 (Pa. Super. 2013) (quoting

*Feingold v. Hendrzak*, 15 A.3d 937, 941 (Pa. Super. 2011)).

Wells Fargo contends that, as the mortgagee of record, it has standing to enforce the Zipf mortgage in this foreclosure action, citing in support, *inter alia*, *Wells Fargo Bank, N.A. v. Lupori*, 8 A.3d 919, 922 n.3 (Pa. Super. 2010) ("[T]he mortgagee is the real party in interest in a foreclosure action."). We agree.

In a mortgage foreclosure action, the mortgagee is the real party in interest. *See Wells Fargo Bank, N.A. v. Lupori*, 8 A.3d 919, 922 n.3 (Pa. Super. 2010). This is made evident under our Pennsylvania Rules of Civil Procedure governing actions in mortgage foreclosure that require a plaintiff in a mortgage foreclosure action specifically to name the parties to the mortgage and the fact of any assignments. Pa.R.C.P. 1147. A person foreclosing on a mortgage, however, also must own or hold the note. This is so because a mortgage is only the security

instrument that ensures repayment of the indebtedness under a note to real property. *See Carpenter v. Longan*, 83 U.S. 271, 275, 16 Wall. 271, 21 L.Ed. 313 (1872) (noting "all authorities agree the debt is the principal thing and the mortgage an accessory."). A mortgage can have no separate existence. *Id.* When a note is paid, the mortgage expires. *Id.* On the other hand, a person may choose to proceed in an action only upon a note and forego an action in foreclosure upon the collateral pledged to secure repayment of the note. *See Harper v. Lukens*, 271 Pa. 144, 112 A. 636, 637 (1921) (noting "as suit is expressly based upon the note, it was not necessary to prove the agreement as to the collateral."). For our instant purposes, this is all to say that to establish standing in this foreclosure action, appellee had to plead ownership of the mortgage under Rule 1147, and have the right to make demand upon the note secured by the mortgage. [FN 1]

> [FN 1] The rules relating to mortgage foreclosure actions do not expressly require that the existence of the note and its holder be pled in the action. Nonetheless, a mortgagee must hold the note secured by a mortgage to foreclose upon a property. "The note and mortgage are inseparable; the former as essential, the latter as an incident." *Longan*, 83 U.S. at 274.

*CitiMortgage, Inc. v. Barbezat*, 131 A.3d 65, 68 (Pa. Super. 2016) (*Barbezat*).

In light of the procedural posture of this case, which requires that we accept its pleadings as true, Wells Fargo has established that (1) it is the current mortgagee and (2) it owns and/or holds the underlying note. *See* Complaint, 06/26/2014, at ¶¶ 4 (referencing Exhibit A) and 6 (pleading its status as current mortgagee); *see also Majorsky*, 58 A.3d at 1268-69. In our view, this is sufficient to establish Wells Fargo's standing to proceed. *Barbezat*, 131 A.3d at 68. Accordingly, the trial court erred as a matter of law.

In the context of a summary judgment motion or trial on the merits, it is unclear whether the bank's lost note affidavit is sufficient evidence to prove its claim in this *in rem* action. However, we need not address that potential.[2] Regardless, we observe that the Pennsylvania Uniform Commercial Code (PUCC), 13 Pa.C.S. §§ 1101, *et seq.*, governs the note. **See JP Morgan Chase Bank, N.A. v. Murray**, 63 A.3d 1258, 1263 (Pa. Super. 2013) (**Murray**). Further, the PUCC's section 3309 provides that "[a] person not in possession of an instrument is entitled to enforce the instrument," provided said person can prove a right to do so. 13 Pa.C.S § 3309.

The trial court expressed its dual concerns that this foreclosure action was ill-suited to a section 3309 hearing or inquiry and, in any event, permitting Wells Fargo to proceed under section 3309 could prejudice Mr. Zipf to the extent a new bearer should come to possess the note and seek to enforce it. **See** Trial Court Opinion at 7-9. These concerns are unfounded. As to the former, should a section 3309 hearing be overly burdensome within the context of this foreclosure action, a stay could issue pending resolution of a separate action in which Wells Fargo seeks to establish its right to enforce the note. As to the latter, "a debtor who satisfies his

_____

[2] Wells Fargo has represented to this Court that it has located the original promissory note. **See** Appellant's Brief at 35. Thus, the issue of the affidavit's sufficiency may never arise.

obligations under a negotiable instrument cannot be required to do so again, even if the recipient of the debtor's performance is not the holder of the note in question." **Murray**, 63 A.3d at 1263.

For these reasons, we conclude that the trial court erred by sustaining Mr. Zipf's preliminary objections and dismissing Wells Fargo's complaint with prejudice. Accordingly, we reverse the order of court and remand for further proceedings.

Order reversed; case remanded; jurisdiction relinquished.

Judge Shogan joins this memorandum.

President Judge Emeritus Ford Elliott notes her dissent in this memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/10/2016