J-A04023-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RESIDENTIAL CREDIT OPPORTUNITIES TRUST II | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| TWO EASY ENTERPRISE, LLC AND MATTHEW D. DUPEE, ESQUIRE AS ADMINISTRATOR OF THE ESTATE OF SEAN O. PERRIN, DECEASED | : | |
| Appellants | : | No. 1751 EDA 2020 |

Appeal from the Order Entered April 16, 2020
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): No. 190400007

BEFORE:   STABILE, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KING, J.:                    **FILED:  MARCH 4, 2021**

Appellants, Two Easy Enterprise, LLC and Matthew D. Dupee, Esquire as administrator of the estate of Sean O. Perrin, deceased, appeal from the order entered in the Philadelphia County Court of Common Pleas, which granted summary judgment in favor of Appellee, Residential Credit Opportunities Trust II, in this mortgage foreclosure action.  We affirm.

The trial court opinion set forth the relevant facts and procedural history of this appeal as follows:

> On January 7, 2016, Sean Perrin, on behalf of [Appellant] Two Easy Enterprise, LLC, executed a promissory note in the amount of $60,750 to Visio Financial Services, Inc., … and

_____

[*] Retired Senior Judge assigned to the Superior Court.

granted Visio Financial Services, Inc. a mortgage upon the property located at 2551 N. Marston Street, Philadelphia, PA. The mortgage was recorded with the Recorder of Deeds on January 19, 2016. On February 12, 2016, Visio Financial Services, Inc. assigned the mortgage and promissory note to [Appellee]; the assignment was recorded with [the] Recorder of Deeds on March 30, 2016. Sean Perrin died on April 17, 2018 and letters of administration were granted to Matthew Dupee on July 27, 2018.

[Appellee] commenced this action on March 31, 2019 by filing a complaint. The amended complaint, filed July 17, 2019, alleges, *inter alia*, the mortgage is in default because [Appellants] failed to make the July 1, 2018 payment and every payment thereafter; the amended complaint sought a *de terris* judgment in mortgage foreclosure in the amount of $69,838.37 plus interest, attorneys' fees, and costs. [Appellants], through counsel, filed an answer with new matter in which they challenge [Appellee's] standing to bring this action. [Appellee] filed a reply denying [Appellants'] standing argument as a conclusion of law.

On February [6], 2020, [Appellee] filed a motion for summary judgment in which it argued no question of material fact existed as to any issue raised by the amended complaint. Attached to the motion was, *inter alia*, an affidavit attesting to the fact [that Appellee] held the mortgage and the promissory note, the mortgage was in default because no payment had been made since July 2018, and certifying the amount of interest, costs, and attorneys' fees incurred. [Appellants] filed a response in opposition which raised a single argument—there was a disputed question of fact as to whether [Appellee] held title to the promissory note on the date this action was filed.

By order dated April 16, 2020, [the trial c]ourt granted summary judgment in favor of [Appellee] and against [Appellants], and entered a judgment in mortgage foreclosure in favor of [Appellee], with damages assessed at $78,308.87 plus interest from February 1, 2020 to the date of sheriff's sale.

(Trial Court Opinion, filed July 6, 2019, at 1-2) (internal record citations and

- 2 -

some capitalization omitted).

Appellants timely filed a notice of appeal on May 13, 2020. On May 18, 2020, the court ordered Appellants to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellants timely filed their Rule 1925(b) statement on June 5, 2020.

Appellants now raise one issue for our review:

> Did the trial court commit an error of law by granting summary judgment in favor of a mortgage foreclosure company where the record failed to conclusively prove title, interest, and possession of the original promissory note sufficient to establish the requisite standing to pursue a foreclosure action?

(Appellants' Brief at 5).

Our standard of review of an order granting summary judgment requires us to determine whether the trial court abused its discretion or committed an error of law. *Mee v. Safeco Ins. Co. of America*, 908 A.2d 344, 347 (Pa.Super. 2006).

> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

*Miller v. Sacred Heart Hosp.*, 753 A.2d 829, 832 (Pa.Super. 2000) (internal citations and quotation marks omitted). Our scope of review is plenary. *Pappas v. Asbel*, 564 Pa. 407, 418, 768 A.2d 1089, 1095 (2001), *cert. denied*, 536 U.S. 938, 122 S.Ct. 2618, 153 L.Ed.2d 802 (2002). In reviewing

a trial court's grant of summary judgment:

> [W]e apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. All doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party.
>
> Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of [a] cause of action. Summary judgment is proper if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. In other words, whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense, which could be established by additional discovery or expert report and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. Thus, a record that supports summary judgment either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a *prima facie* cause of action or defense.
>
> Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions.

*Chenot v. A.P. Green Services, Inc.*, 895 A.2d 55, 61 (Pa.Super. 2006) (internal citations and quotation marks omitted).

On appeal, Appellants agree with many of the trial court's conclusions, including "that the record reflects that, by virtue of possession of the original promissory note indorsed 'in blank,' [Appellee] had standing at the time the

amended complaint was filed on July 17, 2019." (Appellants' Brief at 19) (emphasis omitted). Appellants insist, however, that the certified record, including the summary judgment motion, does not demonstrate that Appellee possessed the promissory note when it filed the original complaint on March 31, 2019. Citing **Bank of New York v. Raftogianis**, 13 A.3d 435 (N.J.Super. 2010), Appellants argue a plaintiff must provide evidence that it possesses the original promissory note at the time the cause of action is originally filed.[1] Appellants conclude a genuine issue of material fact exists regarding whether Appellee possessed the promissory note when it commenced the instant cause of action, and this Court must reverse the order granting summary judgment in favor of Appellee. We disagree.

"[A]ll [civil] actions shall be prosecuted by and in the name of the real party in interest[.]" Pa.R.C.P. 2002(a). "[A] real party in interest is a [p]erson who will be entitled to benefits of an action if successful…. [A] party is a real party in interest if it has the legal right under the applicable substantive law to enforce the claim in question." **US Bank N.A. v. Mallory**, 982 A.2d 986, 994 (Pa.Super. 2009) (internal citation and quotation marks omitted).

In a mortgage foreclosure action, the mortgagee is the real

---

[1] In response, Appellee correctly notes that Appellants cite "no Pennsylvania authority which stands for the proposition that a foreclosure plaintiff must have physical possession of the original note at the time of the filing of the complaint." (Appellee's Brief at 12). **See also Ford v. Oliver**, 176 A.3d 891, 902 (Pa.Super. 2017) (reiterating that out-of-state court decisions are not binding on this Court, although we may use them for guidance to degree we find them useful and compatible with Pennsylvania law).

party in interest. ***See Wells Fargo Bank, N.A. v. Lupori***, 8 A.3d 919, 922 n. 3 (Pa.Super. 2010). This is made evident under our Pennsylvania Rules of Civil Procedure governing actions in mortgage foreclosure that require a plaintiff in a mortgage foreclosure action specifically to name the parties to the mortgage and the fact of any assignments. Pa.R.C.P. 1147. A person foreclosing on a mortgage, however, also must own or hold the note. This is so because a mortgage is only the security instrument that ensures repayment of the indebtedness under a note to real property. ***See Carpenter v. Longan***, 83 U.S. 271, 275, 16 Wall. 271, 21 L.Ed. 313 (1872) (noting "all authorities agree the debt is the principal thing and the mortgage an accessory."). A mortgage can have no separate existence. ***Id.*** When a note is paid, the mortgage expires. ***Id.*** On the other hand, a person may choose to proceed in an action only upon a note and forego an action in foreclosure upon the collateral pledged to secure repayment of the note. ***See Harper v. Lukens***, 271 Pa. 144, 112 A. 636, 637 (1921) (noting "as suit is expressly based upon the note, it was not necessary to prove the agreement as to the collateral."). For our instant purposes, this is all to say that to establish standing in this foreclosure action, appellee had to plead ownership of the mortgage under Rule 1147, and have the right to make demand upon the note secured by the mortgage.[1]

[1] The rules relating to mortgage foreclosure actions do not expressly require that the existence of the note and its holder be pled in the action. Nonetheless, a mortgagee must hold the note secured by a mortgage to foreclose upon a property. "The note and mortgage are inseparable; the former as essential, the latter as an incident." ***Longan***, 83 U.S. at 274.

***CitiMortgage, Inc. v. Barbezat***, 131 A.3d 65, 68 (Pa.Super. 2016).

Further, Pennsylvania permits assignment of mortgages and, in order to be effective as against third parties, written assignments must be recorded in accordance with 21 P.S. § 621 *et seq*. "Where an assignment is effective, the assignee stands in the shoes of the assignor and assumes all of his rights."

***Barbezat, supra*** at 69.

Instantly, the trial court determined Appellee owned the promissory note when it commenced its action against Appellants:

> Visio Financial Services, Inc. assigned both the mortgage and the promissory note to [Appellee].  ***See*** [Appellee's] Motion for Summary Judgment at Ex. 5 (Assignment), p. 1 (stating "Visio Financial Services, Inc., … does by these presents assign to [Appellee] … a certain MORTGAGE dated 1/7/2016 made by Two Easy Enterprise, LLC on real property located at 2551 N. Marston St., Philadelphia, PA … TOGETHER with the Bond, Note or other Obligation therein described …").  The assignment, which was made and recorded three years prior to the commencement of this action, established [Appellee] was the holder of both the mortgage and the promissory note.
>
> *        *        *
>
> Accordingly, by virtue of the assignment, recorded prior to the commencement of this action, and the fact that [Appellee] possessed the note, as evidenced by its inclusion as Ex. A to the amended complaint and Ex. 6 to the motion for summary judgment, [Appellee] had standing to pursue this action.

(Trial Court Opinion at 5-6).

Our review of the record confirms the court's assertions.  Significantly, Appellee produced copies of the original recorded mortgage and its recorded assignment.  (***See*** Memorandum of Law in Support of Summary Judgment Motion, filed 2/6/20, at Exhibits 4-5).  Thus, the record indicates Appellee properly held the mortgage by way of assignment.  ***See Barbezat, supra***. Further, Appellee's summary judgment motion included an affidavit from the mortgage servicer, confirming that Appellee is in possession of the original

promissory note. (**See** Summary Judgment Motion, filed 2/6/20, at Attached Affidavit). Although Appellants suggest Appellee lacked standing due to its failure to demonstrate possession of the note when the original complaint was filed in March 2019, Appellants offer no relevant authority to support this assertion. **See Oliver, supra**. Absent more, the trial court did not abuse its discretion or commit an error of law by entering summary judgment in favor of Appellee. **See Mee, supra**. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/4/21